# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: **TARA A. BLAINE,** aka Tara A. Delmore, | : | **Chapter 13** |
| Debtor, | : | **Case No. 5:19-bk-01557** |
| | | |
| **GLOBAL LENDING SERVICES, LLC,** | : | |
| Movant, | : | **Motion for** |
| v. | : | **Relief from Stay** |
| **TARA A. BLAINE, TIMOTHY ALLEN BLAINE,** | : | |
| Co-Debtor, and **CHARLES J. DEHART, III,** Trustee | : | |
| Respondents, | : | |

## ANSWER TO MOTION OF
## GLOBAL LENDING SERVICES FOR RELIEF FROM STAY

AND NOW COMES Debtor(s) **TARA A. BLAINE**, by and through their attorneys, FISHER CHRISTMAN, and in Answer to the Motion of **GLOBAL LENDING SERVICES** for Relief from Stay aver:

    1-2.    Admitted.

    3.    Denied. Upon information and belief, Movant is no longer the holder of the referenced loan. Debtor called Movant on a regular basis from May through November 2020 in an attempt to obtain payment information on the referenced loan. On every occasion, the number rang through to a "National Bankruptcy Center," which advised Debtor that they handled Global Lending Services accounts, but no longer had the subject loan. Debtor was advised to call back and that the new holder of the loan would send her statements. Debtor provided her bankruptcy case number in an effort to assist the National Bankruptcy Center, which answered the phone calls placed to Global Lending, in an effort to have her account located. Co-Debtor participated in at least on such payment attempt. Debtor also reviewed her credit report regularly in an effort to determine the new holder of the loan. Debtor ceased attempting to make payments to Movant after Global Lending Services indicated on her credit report that the balance on the loan was zero ($0).

4. Denied to the extent the documents referenced do not speak for themselves. Further, it is Denied that Movant remains the holder of the loan that is the subject of the documents referenced. If Movant does remain the holder, Movant, through its agent, National Bankruptcy Center, has refused to accept tendered payments.

5. Denied. See response to paragraphs 3 and 4, above.

6. Denied. See response to paragraphs 3 and 4, above.

7. Denied. Debtor lacks sufficient information and belief to Admit or Deny the exact amount due, but reasonably believes the amount due on the loan is less. Debtor made at least one postpetition payment on the loan via mail, but is unsure whether that payment was cashed.

8. Denied to the extent the averments of paragraph 8 constitute other than a statement or conclusion of law or misplaced request for relief. See response to paragraph 5, above.

9. Denied to the extent the averments of paragraph 9 constitute other than a statement or conclusion of law or misplaced request for relief. Movant has not alleged grounds for such extraordinary relief

WHEREFORE, Debtor(s) **TARA A. BLAINE** respectfully pray(s) this Honorable Court for an Order than the Motion of **GLOBAL LENDING SERVICES** for Relief from Stay be Denied, and for such other and further relief as the Honorable Court deems just and appropriate.

Respectfully Submitted,
FISHER & CHRISTMAN

By: /s/ J. Zac Christman
J. Zac Christman, Esquire
Attorney for Debtor(s)
530 Main Street
Stroudsburg, PA 18360
(570) 234-3960, fax: (570) 234-3965
zac@fisherchristman.com